FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JUN -3 PM 1:29

STEPHAN HARRIS, CLERK
CHEYENNE

Trevor F. Berrett, #7-5626
MACARTHUR, HEDER & METLER, PLLC
4844 North 300 West, Suite 300
Provo, UT 84604
Telephone: (801) 377-1900
Facsimile: (801) 377-1901
trevor@mhmlawoffices.com

**Attorneys for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

---

| | |
|---|---|
| RONALD BUSH, an individual, and JEREMIAH BUSH, an individual, | : |
| Plaintiffs, | : |
| vs. | : |
| MICHAEL B. PIERCE, individually, and STAN KOCH & SONS, INC., a Minnesota corporation, | : Case No. 19-CV-112 -F |
| Defendants. | : |

---

**COMPLAINT AND DEMAND FOR JURY**

---

COMES NOW Plaintiffs, Ronald Bush and Jeremiah Bush, individually (hereinafter referred to as "Plaintiffs"), by and through their attorneys, Trevor F. Berrett, and the law firm of MacArthur, Heder & Melter and alleges and seeks relief as follows:

**PARTIES, JURISDICTION & VENUE**

1. That at the time of the accident, Plaintiffs were residents of Fremont County, State of Wyoming.

2. Defendant Michael B. Pierce (hereinafter "Defendant Pierce") at all material times herein upon information and belief was a resident of Whitehall, Jefferson County, Montana.

3. Defendant Stan Koch & Sons Trucking, Inc., (hereinafter "Defendant Koch") is now and at all material times herein has been a Minnesota corporation, doing business in the State of Wyoming.

4. That upon information and belief, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, Defendant Pierce was the agent and employee of his co-defendant, and in doing the things alleged in this Complaint was acting within the course and scope of that agency and employment.

## GENERAL ALLEGATIONS

5. Plaintiffs incorporate by reference all the foregoing paragraphs as if fully set forth herein.

6. This is an action to recover the damages Plaintiffs have suffered and will continue to suffer as a proximate, foreseeable, and intended consequence of Defendants' negligence that proximately caused the motor vehicle collision that is more particularly referred to below.

7. That the event out of which this cause of action arose took place and occurred in Fremont County, State of Wyoming.

8. Pursuant to 28 U.S.C. §1332(a), this Court has diversity jurisdiction over this action.

9. Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue is proper in this court.

## COMMON FACTUAL ALLEGATIONS

10. On June 15, 2017, at approximately 1:49 p.m., Plaintiff Jeremiah Bush an employee of Plaintiff Ronald Bush was operating a 1986 Peterbilt Conv with Plaintiff Ronald Bush as a passenger traveling south on Wyoming Highway 789, Fremont County, Wyoming.

11. At the above-mentioned time and date, Defendant Pierce was traveling south on Wyoming Highway 789, Fremont County, Wyoming directly behind Plaintiffs' vehicle. Defendant Pierce was driving a 2015 International Conv.

12. At the above-mentioned time and place, Plaintiff Jeremiah Bush, in preparing to turn right into a private drive activated his right turn signal.

13. At the above-mentioned time and place, Defendant Pierce looked down at his electronic log.

14. Following Defendant Pierce looking down to check his electronic log, he negligently, carelessly, and recklessly failed to timely stop for Plaintiffs' vehicle as it was making its right-hand turn, thereby causing a collision between Defendant Pierce's vehicle and Plaintiffs' vehicle.

15. Plaintiffs were not warned of the collision and therefore could not maneuver to avoid it.

16. As a proximate and foreseeable consequence of the aforementioned collision, Plaintiffs' sustained severe and permanent injuries, reasonable and necessary expenses, and sustained a loss of income and all of which general and special damages.

17. At all times during Plaintiff Jeremiah's use and operation of the vehicle, he exercised due and reasonable care for their safety and operated his vehicle in a manner consistent with its intended, ordinary, and regular use, and in accordance with all applicable traffic and safety laws, rules and regulations.

18. Defendant Pierce was under a duty to operate his vehicle with due care and in strict compliance with all applicable traffic laws, rules, and regulations and in a manner that would insure the safety of Plaintiffs and all other persons and vehicles where were then traveling on Wyoming Highway 789, or in the vicinity of the collision.

19. At the aforesaid time and place, Defendant Pierce was not paying proper attention to the roadway, did not stop when required, and collided with Plaintiffs' vehicle.

20. At the aforesaid time and place, Defendant Pierce failed to keep proper control of his vehicle, failed to stop, and was otherwise negligent in the operation of the motor vehicle, which caused injury to Plaintiffs.

21. At the aforesaid time and place, Defendant Pierce was operating the 2015 International Conv within the course and scope of his employment with Defendant Koch.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
*(Michael B. Pierce)*

22. Plaintiffs hereby incorporate by reference all of the foregoing paragraphs as if fully sent forth herein.

23. At the aforesaid time and place of the collision, Defendant Pierce was guilty of negligence in the following particulars:

      a.      failing to keep his vehicle under proper control;

      b.      failing to maintain a proper lookout;

      c.      failing to drive attentively, and responsibly; and

      d.      failing to otherwise abide by the laws of the State of Wyoming and the United States of America.

24. Defendant Pierce's wrongful acts, as described above in paragraph 23, violated pertinent laws and regulations of the State of Wyoming and the United States of America, all of which were enacted to protect the class of persons, of which Plaintiffs are members, against the type of harm Defendant Pierce actually caused Plaintiffs.

25. As a proximate and foreseeable consequence of the aforementioned negligence, carelessness, recklessness and breaches of duty on the part of Defendant Pierce, Plaintiffs have sustained severe and permanent injuries and have incurred reasonable and necessary expenses.

26. As a proximate and foreseeable consequence of the aforementioned negligence, carelessness, recklessness and breaches of duty on the part of Defendant Pierce, Plaintiffs have sustained a loss of income in such an amount to be determined at trial.

27. As a proximate and foreseeable consequence of the aforementioned negligence, carelessness, recklessness and breaches of duty on the part of Defendant Pierce, Plaintiffs has incurred, and will continue to incur, pain, suffering, and loss of enjoyment of natural life.

28. Plaintiffs experienced, and will continue to experience, physical impairment.

29. Plaintiffs suffered, and will continue to suffer, emotional distress, embarrassment, humiliation and anxiety.

30. As a proximate and foreseeable consequence of the aforementioned negligence, carelessness, recklessness and breaches of duty on the part of Defendant Pierce, Plaintiffs will continue to suffer special and general damages in such amounts as Plaintiffs will establish at the trial hereof, all of which Plaintiffs are entitled to recover from Defendant Pierce.

### SECOND CAUSE OF ACTION
### NEGLIGENCE
### *(Stan Koch & Sons, Inc.)*

31. Plaintiffs hereby incorporate by reference all of the foregoing paragraphs as if fully sent forth herein.

32. At the aforesaid time and place of the collision, Defendant Koch was guilty of negligence in the following particulars:

    a. failing to properly screen before hiring;

    b. failing to properly train;

    c. failing to properly instruct;

    d. failing to properly monitor;

    e. failing to properly supervise; and

    f. failing to otherwise abide by the laws of the State of Wyoming and the United States of America.

33. Defendant Koch's wrongful acts, as described above in paragraph 32, violated pertinent laws and regulations of the State of Wyoming and the United States of America, all of which were enacted to protect the class of persons, of which Plaintiffs are members, against the type of harm Defendant Koch actually caused Plaintiffs.

34. As a proximate and foreseeable consequence of the aforementioned negligence, carelessness, recklessness and breaches of duty on the part of Defendant Pierce, Plaintiffs have sustained severe and permanent injuries and have incurred reasonable and necessary expenses.

35. As a proximate and foreseeable consequence of the aforementioned negligence, carelessness, recklessness and breaches of duty on the part of Defendant Pierce, Plaintiffs have sustained a loss of income in such an amount to be determined at trial.

36. As a proximate and foreseeable consequence of the aforementioned negligence, carelessness, recklessness and breaches of duty on the part of Defendant Pierce, Plaintiffs has incurred, and will continue to incur, pain, suffering, and loss of enjoyment of natural life.

37. Plaintiffs experienced, and will continue to experience, physical impairment.

38. Plaintiffs suffered, and will continue to suffer, emotional distress, embarrassment, humiliation and anxiety.

39. As a proximate and foreseeable consequence of the aforementioned negligence, carelessness, recklessness and breaches of duty on the part of Defendant Pierce, Plaintiffs will continue to suffer special and general damages in such amounts as Plaintiffs will establish at the trial hereof, all of which Plaintiffs are entitled to recover from Defendant Pierce.

### THIRD CAUSE OF ACTION
### RESPONDENT SUPERIOR
### (Stan Koch & Sons, Inc.)

40. Plaintiffs hereby incorporate by reference all of the foregoing paragraphs as if fully sent forth herein.

41.     At the time of the subject accident, Defendant Pierce was acting in the course of his employment and as an agent or servant of Defendant Koch.

42.     Defendant Koch, had the right, duty, and obligation at all material times herein to monitor, supervise, and to exercise control of Defendant Pierce and his use, actions, and activities which involved entrusting the 2015 International Conv to him.

43.     Defendant Koch, as Defendant Pierce's employer, is liable for the aforementioned tortious acts of Defendant Pierce, while acting as their agent, servant, and employee.

44.     As a proximate, foreseeable, and intended consequence of the aforementioned acts, failures to act, refusals to act, and breaches of duty on the part of Defendant Koch, Plaintiffs have sustained severe and permanent injuries, reasonable and necessary expenses, and sustained a loss of income and all of which general and special damages, Plaintiffs are entitled to recover from Defendant Koch in such amounts as the Plaintiffs will establish at the trial hereof.

WHEREFORE, Plaintiffs pray judgment against Defendant Pierce and Koch, jointly and severely, herein to include, but not be limited to:

1.      For an award of general and special damages in favor of Plaintiffs in such amounts as may be proven by Plaintiffs at the trial hereof;

2.      For Plaintiffs' costs incurred herein together with pre-judgment and post-judgment interest on Plaintiffs' damages in such amounts as provided by law and as Plaintiffs may prove at the trial hereof;

3.      An award for reasonable attorney's fees and costs, as the law may allow, if judgment is taken by default; and

4.     For such other and further relief as may appear just and equitable in the premises.

## REQUEST FOR JURY TRIAL

Plaintiffs hereby demands a jury trial of all causes of action herein.

DATED this 31st day of May, 2019.

MACARTHUR, HEDER & METLER

*/s/ Trevor F. Berrett*
Trevor F. Berrett
Attorney for Plaintiffs

Plaintiffs' Address:

9 Wagon Hammer Lane
Lander, WY 82520

712 Spencer
Riverton, WY 82501